IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| SHAHIN ABOUSAIDI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:05cv1142 (JCC) |
| | ) |
| MATTRESS DISCOUNTERS CORP., | ) |
| | ) |
| Defendant. | ) |

### M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant's Motion to Dismiss Claim I and Claim V of Plaintiff's Complaint, and on Defendant's Motion to Strike Paragraph 113, 114, 169, 170, and 171 of the Complaint, as well as to strike Plaintiff's punitive damage demand to the extent it is based on Family Medical Leave Act violations.  For the reasons stated below, the Court will grant Defendant's Partial Motion to Dismiss and grant in part and deny in part Defendant's Motion to Strike.

### I. Background

Plaintiff, Shahin Abousaidi, was employed by Defendant, Mattress Discounters.  Plaintiff took a trip to Iran in October to November of 2002 to take care of his ailing grandmother.  Upon Plaintiff's return, he allegedly was not restored to his previous position but rather assigned as a salesperson who was to move from store to store.  Plaintiff filed a "preliminary draft" of a discrimination complaint against Defendant with the Fairfax

County Human Rights Commission ("Fairfax County HRC") on or about October or November of 2003.  The finalized copy was delivered to Defendant on December 5, 2003.

Plaintiff allegedly suffers from Attention Deficit/ Hyperactivity Disorder, along with bronchial asthma and hypertension.  On or about July or August of 2002, Plaintiff allegedly requested reasonable accommodation to work in a single environment, rather than "floating" from store to store, for professional and personal reasons.  Defendant allegedly refused to make this accommodation.

Plaintiff filed a Complaint on October 3, 2005 claiming, *inter alia*, interference with Plaintiff's Family and Medical Leave Act ("FMLA") rights and discrimination under the Americans with Disabilities Act ("ADA").  Defendant filed a Motion for Partial Dismissal and to Strike on November 10, 2005.  These Motions are currently before the Court.

**II. Standard of Review**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991)

(citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.* In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

Rule 12(f) allows a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he standard by which courts judge Rule 12(f) motions imposes a sizable burden on the movant" because of the bias against striking defenses and because of the liberal pleading requirements embodied by the Federal Rules of Civil Procedure. *Clark v. Milan*, 152 F.R.D. 66, 70 (S.D. W. Va. 1993).

### III. Analysis

A. Motion to Dismiss

Defendant first asks the Court to dismiss Plaintiff's Claim I of the Complaint on the grounds that it fails to state a claim upon which relief can be granted. Claim I alleges a violation of FMLA by Defendant for not restoring Plaintiff to his

former position upon returning from leave while caring for an ailing grandmother.  Defendant highlights that FMLA only protects employees who take leave to care for a grandparent only if that grandparent stood *in loco parentis*.  *See* 29 U.S.C. § 2612(a)(1)(C).  In its argument to dismiss, Defendant claims Plaintiff never alleged that his grandparent served as his parent.

Although the language of the statute itself is clear, precedent, albeit non-binding, further supports the conclusion that Plaintiff had to inform Defendant that his grandparent stood *in loco parentis* in order to take advantage of FMLA's protection. *See Sherrod v. Philadelphia Gas Works*, 57 Fed. Appx. 68, 72-73 (3rd Cir. 2003) ("Since appellant did not initially tell her employer that her grandmother had raised her, she failed to sufficiently explain her reasons for the needed leave so as to allow the employer to determine that her request was covered by the FMLA").

In his opposition to the present Motion, Plaintiff refers to a paragraph of the Complaint, to an affidavit dated December 1, 2004 which was incorporated into Plaintiff's Fairfax County HRC submission, and to a sworn time-line allegedly given to Defendant's Vice President for Human Resources on December 3, 2003 as evidence that Defendant was notified that his grandparent stood *in loco parentis*.  However, at the earliest this

information was relayed to the Defendant in December of 2003. The alleged adverse employment decisions occurred no later than 2002.  Therefore, Plaintiff's failure to inform Defendant of the *in loco parentis* status of his grandparent during the appropriate time of the alleged FMLA violation prohibits him from raising Claim I as a matter of law.

Secondly, Defendant seeks to dismiss Claim V of the Complaint for failure to state a claim upon which relief can be granted.  Claim V alleges that Defendant violated Plaintiff's ADA rights by not granting his August 2002 request that the Company assign him to work in a specific store for the purposes of minimizing his alleged disability.  Defendant asserts this claim is not justiciable, is time-barred, and is substantively unreasonable.

Because the ADA incorporates the enforcement procedures contained in Title VII of the Civil Rights Act of 1964, an ADA plaintiff must raise his claim with the Equal Employment Opportunity Commission prior to filing suit.  *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(b)-(f).  *See also Bryant v. Bell Atl. Md., Inc.,* 288 F.3d 124, 132 (4th Cir. 2002) ("[T]he scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge" under Title VII).

Although Defendant claims that Plaintiff's administrative charge failed to mention Defendant's refusal to grant Plaintiff's request for reassignment pursuant to his August of 2002 request, Plaintiff in fact had done so through incorporating within his administrative charge an affidavit dated December 1, 2004. In the December 1, 2004 affidavit, Plaintiff clearly outlines the request for accommodation. Therefore, this claim is justiciable.

However, Plaintiff failed to file this charge in a timely manner; therefore it is time-barred and must be dismissed. An ADA claimant must file his administrative charge within three hundred (300) days after the alleged offending incident in jurisdictions that have an agency to enforce the anti-discrimination laws - as in Fairfax County. *See* 42 U.S.C. § 2000e(5)(e)(1). Plaintiff admits in his opposition to filing his administrative charge on December 1, 2004. (Plf's Opp. 14). It is irrelevant when Plaintiff first made his complaint to the Fairfax County HRC, it is the date of filing that is of importance. Because the request for accommodation that Defendant allegedly refused was made in or about July or August of 2002, the December 1, 2004 filing is well beyond the time allowed by statute. Accordingly, Claim V will be dismissed as time-barred.[1]

---

[1] The Court acknowledges the supplemental memorandum in support of Mattress Discounters' Motion for Partial Dismissal submitted by Defendant on November 14, 2005. In the memorandum, Mattress Discounters raises the defense that the United States Bankruptcy Court for the District of Maryland has

B. Motion to Strike

Defendant seeks to strike a number of paragraphs from Plaintiff's Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Defendant first asks the Court to strike Paragraphs 113 and 114 of the Complaint, which contain allegations concerning the parties' purported settlement discussions in connection with a charge that Plaintiff filed with the United States Department of Labor. Rule 408 of the Federal Rules of Evidence prohibit the inclusion of evidence of compromise or offers to compromise. Plaintiff concedes in his opposition that portions of Paragraphs 113 and 114 run afoul of Rule 408; Plaintiff proposes that such portions alone be stricken from the Complaint. The Court declines the offer to go through the Complaint and strike certain phrases while keeping others. Therefore, the Court will order that Paragraphs 113 and 114 be stricken from the Complaint while allowing the Plaintiff leave to amend the Complaint to include the proper portions of the said paragraphs.

Likewise, Defendant asks this Court to strike Paragraph 169, 170, and 171 of the Complaint due to the privileged nature of the statements. Defendant attests that the statements in

---

confirmed a bankruptcy plan that discharges Mattress Discounters from all claims that arose before March 14, 2003. Indeed, as the Defendant highlights, Claims I and V are based on actions allegedly taken before the date. The Court will grant the Partial Motion to Dismiss on the substantive grounds stated above while acknowledging this additional procedural defense to the FMLA and ADA claims.

these paragraphs pertain to representations that Mattress Discounters allegedly made to the Virginia Employment Commission ("VEC") and VEC's alleged ruling regarding Plaintiff's unemployment compensation claim.  According to the Virginia Code, information pertaining to determinations by the Commission's deputy and decisions on appeal "shall [not] be used in any judicial or administrative proceeding other than one arising out of the provisions of this title."  Va. Code Ann. § 60.2-623(B). Accordingly, the Court will strike Paragraph 169 and 171. Because Paragraph 170 does not refer to a VEC decision or assertions before the VEC, there are no grounds for striking it.

Finally, Defendant asks the Court to strike Plaintiff's punitive damage demand to the extent that Plaintiff bases it on alleged FMLA violations.  It is undisputed law that punitive damages are not available under the FMLA.  *See Settle v. S.W. Rodgers, Co.*, 998 F. Supp. 657, 665-66 (E.D. Va. 1998). Plaintiff states in his opposition that he is not requesting punitive damages under the FMLA, which is appropriate because any punitive damages sought pursuant to FMLA violations are improper as a matter of law.

### IV. Conclusion

For the reasons stated above, the Court will grant Defendant's Partial Motion to Dismiss and grant in part and deny

in part Defendant's Motion to Strike.  An appropriate Order will issue.


December_8__, 2005                 _____/s/_____
Alexandria, Virginia                      James C. Cacheris
                                   UNITED STATES DISTRICT COURT JUDGE