```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division


SHAHIN ABOUSAIDI,              )
                               )
     Plaintiff,                )
                               )
          v.                   )    1:05cv1142 (JCC)
                               )
MATTRESS DISCOUNTERS CORP.,    )
                               )
     Defendant.                )
```

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on Defendant's Motion to Dismiss Claim I and Claim V of Plaintiff's Amended Complaint. For the reasons stated below, the Court will grant Defendant's Partial Motion to Dismiss.

### I. Background

Plaintiff, Shahin Abousaidi, was employed by Defendant, Mattress Discounters. Plaintiff took a trip to Iran in October to November of 2002 to take care of his ailing grandmother. Upon Plaintiff's return, he allegedly was not restored to his previous position but rather was assigned as a salesperson who was to move from store to store. Plaintiff filed a "preliminary draft" of a discrimination complaint against Defendant with the Fairfax County Human Rights Commission ("Fairfax County HRC") in October or November of 2003. The finalized copy was delivered to Defendant on December 5, 2003.

Plaintiff allegedly suffers from Attention Deficit/ Hyperactivity Disorder, along with bronchial asthma and hypertension. In July or August of 2002, Plaintiff allegedly requested reasonable accommodation to work in a single environment, rather than "floating" from store to store, for professional and personal reasons. Defendant allegedly refused to make this accommodation.

Plaintiff filed a Complaint on October 3, 2005 claiming, *inter alia*, interference with Plaintiff's Family and Medical Leave Act ("FMLA") rights and discrimination under the Americans with Disabilities Act ("ADA"). Defendant filed a motion for partial dismissal and to strike on November 10, 2005. On December 8, 2005, this Court granted Defendant's motion to dismiss Counts I and V of the Complaint and granted in part and denied in part the motion to strike. On December 21, 2005, Plaintiff filed an amended complaint against Mattress Discounters. Subsequently, on December 29, 2005, Defendant filed a Motion to Dismiss Claims I and V of the Amended Complaint. This Motion is currently before the Court.

**II. Standard of Review**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, see *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.* In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

### III. Analysis

Plaintiff's Count I of his Amended Complaint is titled 2002 FMLA Interference. Specifically he states that this claim is rooted in Defendant's interference with Plaintiff's FMLA rights by Defendant's failure in 2002 to notify Plaintiff of his rights and failure to reinstate Plaintiff to his Kingstowne store position. This Count is very similar in form and identical in substance to his original Complaint's Count I, which was dismissed by this Court as a matter of law. Plaintiff attempts to rectify the legal errors by specifically alleging in the amended Complaint that he informed various managers at Mattress

Discounters that his grandmother had raised him and stood *in loco parentis*.

While this allegation may have saved Count I from its initial, substantive dismissal, the Court noted in the Memorandum Opinion accompanying the Order of dismissal that the Defendant has raised bankruptcy matters that alone dismiss the Count. *See Abousaidi v. Mattress Discounters*, No. 05-1142, slip op. at n.1 (E.D. Va. Dec. 8, 2005).  In brief, the United States Bankruptcy Court for the District of Maryland has confirmed a bankruptcy plan that discharges Mattress Discounters from all claims that arose before March 14, 2003.  Plaintiff in his original Complaint and also in his amended Complaint alleges that the FMLA violation occurred in 2002.  The Court in the Memorandum Opinion noted that it "will grant the Partial Motion to Dismiss on the substantive grounds stated above while acknowledging this additional procedural defense to the FMLA and ADA claims." *Id.*  The Court now accepts this defense and therefore will dismiss Count I.  Just as the Court considered in its December 8, 2005 decision, Plaintiff cannot escape the effects of the bankruptcy plan through the willful and malicious injury exception or by relying on the continuing violation doctrine.  The bankruptcy's plan is final and fully dispositive of this issue.

In amended Claim V, Plaintiff alleges discrimination under the ADA.  Specifically, he claims that Defendant

discriminated against him in violation of the ADA by failing to provide reasonable accommodation in light of Plaintiff's disabilities.  This Count, as well, largely mirrors Claim V in the original Complaint.  Again, the bankruptcy plan is entirely dispositive of this matter.  Like the FMLA claim above, this ADA claim is dated in the time period during which all claims are discharged under the bankruptcy plan.  Nothing raised by the Plaintiff in his amended Complaint warrants a finding any different than this Court's previous determination that this claim should be dismissed.

### IV. Conclusion

For the reasons stated above, the Court will grant Defendant's Partial Motion to Dismiss.  An appropriate Order will issue.


January_31_, 2006                    _____/s/_____
Alexandria, Virginia                              James C. Cacheris
                                     UNITED STATES DISTRICT COURT JUDGE